Filed 8/31/15  P. v. Albin CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067342 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD250964) |
| SHAWN M. ALBIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Shawn M. Albin of one count of robbery (Pen. Code,[1] § 211). The court thereafter found true two prison priors (§ 667.5, subd. (b)); two serious felony prior convictions (§ 667, subd. (a)(1)); and six strike priors (§ 667, subds. (b)-(i)).

The court denied Albin's request to dismiss all but one of his strike priors. Albin was sentenced to an indeterminate term of 25 years to life plus 10 years for the serious felony prior convictions. The court also imposed an additional eight-month consecutive sentence following probation revocation in a different case.

Albin appeals contending the chain of custody for certain items of physical evidence was not satisfied, thus the court erred in admitting the challenged items. In addition, Albin contends the court abused its discretion in denying his motion to dismiss five of the six strike priors. We will find no error and affirm.

STATEMENT OF FACTS

On August 28, 2013, between 5:00 p.m. and 6:00 p.m., Albin entered a Wells Fargo bank in San Diego and approached a teller. Albin handed the teller a bank flyer about home equity loans and asked her questions about it. Albin then handed the teller a note and told her: "If you don't comply with this note, I'm going to shoot fire within three seconds." The note stated: "Give me all 10s, 20s, 50s main drawer. No tracking devices. See weapon." The teller saw what appeared to be the barrel of a gun.

Albin then began counting. The teller grabbed cash from the drawer, including "bait money" and handed it to Albin. Albin left the bank and another teller, who would

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

later identify Albin as the robber, pressed the alert button. The crime was recorded on the bank's surveillance video. Shortly after the robbery, a surveillance video from a Robbins Brothers store at the same intersection as the bank showed a man remove the top layers of his clothing and throw it into the store's gated courtyard. Store employees heard of the robbery and noticed items of clothing in the store's courtyard. They alerted police.

San Diego Police Detective Dewayne Glazewski found the items of clothing which were gray jogging pants, a black short-sleeved shirt, and a black cap with a Chargers emblem. The detective had reviewed the bank's surveillance video and believed the items found were related to the robbery. The detective also observed a demand note, and a Wells Fargo flyer. An identification card with Albin's picture on it was found in the pants pocket. Subsequent investigation determined Albin's fingerprint was on the demand note.

## DISCUSSION

## I

### *CHAIN OF CUSTODY*

The items of physical evidence discovered by Detective Glazewski were actually impounded by Officer David Campbell. Officer Campbell did not testify at trial, but the detective did identify the items seized, explained the department's coding system for evidence and also recognized the items from photographs taken at the time the items were discovered. The trial court overruled the defense chain of custody objection, finding there was adequate foundation that the items were the ones discovered, that the evidence

3

was reliable and that any break in the "chain of custody" would go to the weight given the evidence and not its admissibility.

## A. Legal Principles

A trial court's decision on the admissibility of evidence is reviewed for abuse of discretion. (*People v. Hall* (2010) 187 Cal.App.4th 282, 294.) Such decision will only be overturned on appeal where the record shows a clear abuse of the court's discretion.

The term "chain of custody" refers to foundational evidence which shows that an item of physical evidence offered at trial is the same item that was seized by police at the time of the crime. It not only aids in establishing identity, but also aids in determining if the item has been altered or tampered with before it is presented at trial. Where there are breaks in the chain of custody, a question may arise as to the reliability of the proffered evidence. The courts have addressed chain of custody numerous times.

In *People v. Riser* (1956) 47 Cal.2d 566, 580-581, the court dealt with a challenge to fingerprint evidence. The court found the prosecution does not have to exclude all possibility of tampering in order to permit admission of physical evidence.

In *People v. Wallace* (2008) 44 Cal.4th 1032, the court dealt with the chain of custody of a pair of socks that had been separated and placed in two envelopes. The police did not fully comply with procedure that would have included initialing the third envelope into which the two separate envelopes had been placed. Although the court found the record of the chain of custody was "far from perfect," the court rejected the defendant's claim that the foundation for admissibility was inadequate. (*Id.* at pp. 1061-

4

1062.)  The court in *People v. Catlin* (2001) 26 Cal.4th 81, 134, reached a similar conclusion.

### B.  Analysis

Albin's challenge to the chain of custody of the clothes, hat, flyer, identification card and demand note arises from the fact that Officer Campbell, who physically impounded the items, did not testify.  Instead, Detective Glazewski obtained the items from police evidence storage and brought them to court.  These items are not fungible things such as drugs or money.  The detective testified he recognized the items as those he had seized.  They had been photographed and he viewed the photographs and testified the items he brought to court were those in the photographs.  The detective also identified the bar code tracking system used by the police department in securing evidence.  He testified the numbers on the items were those for this specific case.  Two other witnesses testified to the police evidence tracking system.

The defense motion to exclude did not argue the evidence had been altered or tampered with in any fashion.  The trial court denied the motion to exclude the evidence, finding the chain of custody, although not perfect, was adequate to insure the reliability of the evidence.  The court correctly found under the circumstances of this case that any "break" in the chain of custody would go to the weight of the evidence, not its admissibility.  We agree with the trial court and find no error in the admission of the items of physical evidence.

## II

### *THE MOTION TO DISMISS FIVE STRIKE PRIORS*

The defense requested, pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 that the court dismiss at least five of Albin's strike priors in order to impose a determinate sentence.  The defense argued the strike priors, occurring between 1990 and 1994 were remote and that his crimes since then have all been minor.  The defense also argued that Albin's mental health issues and his age justified dismissing strikes.  The court denied the motion.

A trial court's decision to deny a motion to dismiss strike priors is reviewed under the abuse of discretion standard of review.  Under that standard we will not overturn such decision unless the court's decision " 'falls outside the bounds of reason' under the applicable law and the relevant facts." (*People v. Williams* (1998) 17 Cal.4th 148, 162 (*Williams*).)  In determining whether to dismiss serious and/or violent felony priors the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes Law], in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)  The trial court should also consider whether there are any extraordinary circumstances which would justify finding a person with a lengthy record should be deemed to fall outside the spirit of the Three Strikes Law. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

6

In this case the trial court conducted the trial on the alleged prior convictions. Accordingly, the court was very familiar with Albin's criminal history and the nature of Albin's serious felony offenses. The record shows the trial court was aware of its discretion and carefully exercised it in ruling on the motion to dismiss.

In short, Albin has been committing crimes, in custody for crimes, or on probation or parole almost constantly since 1990. He accumulated six strike priors and two prison commitments before he committed the 2013 bank robbery in this case. It cannot be seriously argued that the trial court abused its discretion in finding Albin fell fully within the spirit of the Three Strikes Law as expressed in *Williams, supra,* 17 Cal.4th 148. The court acted well with the range of its discretionary authority.

DISPOSITION

The judgment is affirmed.


                                                        HUFFMAN, Acting P. J.

WE CONCUR:


                    McINTYRE, J.


                    O'ROURKE, J.


7